

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Kenneth M. Clark
County Auditor
Ward County
Monahans, Texas

Dear Sir:

Opinion No. O-2886
Re: The compensation of petit jurors
and special veniremen.

Your request for an opinion of this Department has been received.

We quote below the applicable portion of your request letter:

"Will your department please give me your ruling on the proper pay of special veniremen who have been summoned in capital cases. And served as such in the case.

"In order to make myself clear on this request I give you the following bill which was presented to this County by another for cost in a capital case which was transferred from this County.

"Item 1   Regular Jury 1 Day 23@ 3.00   $69.00
Item 2   3 Days Jury (The Jury Selected 108.00
Item 3   Special Veniremen 38 @ 1.00   38.00

"Now on item 1 these were the petit jurors who were summoned for the week and of course after receiving the notice to appear as petit jurors they were later summoned as special veniremen for this case.

"Item 2 is for the 12 who were selected and served in the trial of the case. Some of those jurors not being selected on the case until the second day.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Kenneth M. Clark, Page 2

"Item 3 is of course for the ones that were challenged or excused and their $1.00 is correct.

"Now under item 1 due to the fact they were first summoned as petit jurors received for their services $3.00 for each day of attendance in a capital case. Under item 2 is each juror due $3.00 for each days attendance and service, or should he only receive $1.00 for the day he attends and not selected and $3.00 for the days he is selected and serves. Should the jury selected be paid as special veniremen or petit jurors."

Article 625, V.C.C.P., provides:

"All men summoned on special venire who have been challenged or excused from service on the trial, shall be paid out of the jury fund One ($1.00) Dollar for each day that he attends court on said summons. No person shall receive pay as a special venireman and regular juror for the same day. No per diem shall be allowed under this Article to any venireman for more than one case the same day."

Article 1056, V.C.C.P., in part, is as follows:

"Each juror in the district or criminal district court, county court, or county court at law, except special veniremen whose pay is now fixed by law, shall receive three dollars for each day and for each fraction of a day that he may attend as such juror, to be paid out of the jury fund of the county in which he may so serve. . . ."

Article 1050, V.C.C.P., reads as follows:

"In all causes where indictments have been presented against persons in one county and such causes have been removed by change of venue to another county, and tried therein, the county from which such cause is removed shall be liable for all expenses incurred for pay for jurors in trying such causes."

Honorable Kenneth M. Clark, Page 3

We understand your first question to be as follows: Is "Item 1" a proper charge against Winkler County?

Your statement is that the 23 jurors who were each paid three dollars for one day's service as regular jurors for the week were also in attendance upon the court as special veniremen. Article 1050, Code of Criminal Procedures, makes Winkler County "liable for all expenses incurred for pay for jurors" in this case. Article 625, quoted above, fixes the pay of a man summoned on a special venire and who was "challenged or excused from service on the trial" at "One ($1.00) Dollar for each day that he attends court on said summons." While article 1056 of the Code fixes the pay of each juror in the district court at "three dollars for each day and for each fraction of a day that he may attend as such juror." Article 625 further provides that "No person shall receive pay as a special venireman and regular juror for the same day."

Applying the pertinent provisions of the foregoing statutes to the related facts, we have reached these conclusions:

First. The $69.00 paid to the twenty-three men who were impanelled as regular jurors for the week is not a legal claim against Winkler County. In so far as the liability of Winkler County is concerned, it must be measured by the status of these men as special veniremen and not as regular jurors for the week.

Second. If all these twenty-three men were challenged or excused from service on the same day for which they were paid a regular juror's fee, none of them would be entitled to receive one dollar additional for that day's service as a special venireman. Such extra pay is prohibited by the plain provisions of Article 1056.

Third. Any regular juror, not challenged or excused from service as a special venireman on the same day for which he had served as such juror and for which he had been paid as a regular juror, was entitled to be paid as a special venireman one dollar for each subsequent day he was in attendance upon the court as such venireman.

Your other questions are:

Honorable Kenneth M. Clark, Page 4

"Under item 2 is each juror due $3.00 for each day's attendance and service, or should he only receive $1.00 for the days he attends and not selected and $3.00 for the days he is selected and serves? Should the jury selected be paid as special veniremen or petit jurors?"

It will be noted that Article 625 provides pay only for those summoned on special venire "who have been challenged or excused from service on the trial." The amount is fixed at "One ($1.00) Dollar for each day that he attends court on said summons." This article makes no provision to pay a special venireman as such who was chosen as a juror to try the case, although he may not have been accepted until the second or some day subsequent to his attendance upon the court as such venireman. Did the Legislature intend that a venireman so situated should not receive pay for the day or days he was in attendance upon the court prior to the day he was accepted and sworn as a juror to try the case? We do not believe that to be the intention of the Legislature; but that a fair and reasonable interpretation of Articles 625 and 1056, when construed together, is to allow such a venireman "three dollars for each day and for each fraction of a day that he may attend as such juror," and when a venireman is chosen as a juror to try the case his attendance upon the court as a juror relates back to the day he appeared before the court as a special venireman.

Jurors so chosen are paid as petit jurors three dollars per day, as provided by Article 1056 of the Code of Criminal Procedure.

We trust that the foregoing gives you the information requested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Wm. J. Fanning
Assistant

By *[signature]*

Grundy Williams

APPROVED FEB 5, 1941

*[signature]*

ATTORNEY GENERAL OF TEXAS

GW:db

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE

APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN